UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **EPCO CARBON DIOXIDE PRODUCTS, INC.** | **CIVIL ACTION NO. 10-1658** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **FIVE STAR CONTRACTING, INC.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Five Star Contracting, Inc.'s ("Five Star") Motion to Set Aside Entry of Default [Doc. No. 8]. On February 23, 2011, the Clerk entered default against Five Star [Doc. No. 7], pursuant to EPCO Carbon Dioxide Products, Inc.'s ("EPCO") Request for Entry of Default [Doc. No. 6].

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause. The Fifth Circuit has set forth four factors a court may consider when determining whether good cause exists: (1) whether the party's failure to respond was willful; (2) whether the party's adversary would suffer prejudice from setting aside the entry of default; (3) whether the party presents a meritorious defense; and (4) "whether the party acted expeditiously to correct the default." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

The Court finds that Five Star satisfies the factors set forth by the Fifth Circuit and that the Clerk's entry of default should be set aside for good cause.[1] Five Star's failure to respond was not

---

[1] Because service was under the Louisiana long arm statute, LA. REV. STAT. § 13:3205, Five Star had thirty days from the date the affidavit of service was filed to answer the Complaint. Therefore, the Clerk should not have entered default until March 4, 2011. *See* [Doc. No. 5, p. 2].

willful, EPCO will not suffer prejudice from setting aside the entry of default, Five Star offers a meritorious defense to this action, and Five Star acted expeditiously to correct the default. Therefore,

IT IS ORDERED that Five Star's Motion to Set Aside Entry of Default [Doc. No. 8] is GRANTED.

MONROE, LOUISIANA, this 7th day of March, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE